# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2024

Lyle W. Cayce
Clerk

No. 23-50225
Summary Calendar

───────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Leonardo Terrazas,

*Defendant—Appellant*.

───────────────────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-609-1

───────────────────────────────

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Leonardo Terrazas pleaded guilty to being a felon in possession of a firearm but preserved his right to challenge the denial of a suppression motion. He was sentenced to 92 months of imprisonment to be followed by a three-year term of supervised release, and he timely appealed.

───────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

We may affirm the denial of a suppression motion on any ground supported by the record, *see United States v. Boche-Perez*, 755 F.3d 327, 333 (5th Cir. 2014), and we should uphold the district court's ruling if any reasonable view of the evidence supports it, *see United States v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014).

In this case, officers entered Terrazas's home with a state felony arrest warrant, but they did not knock and announce their presence before doing so. The failure to knock and announce formed the basis for the suppression motion. The district court credited suppression-hearing testimony that an officer saw a pistol grip in plain view while standing in Terrazas's bedroom after Terrazas's arrest. Viewing the facts in the light most favorable to the Government as the prevailing party, this factual determination that the pistol was in plain view was not clearly erroneous. *See Boche-Perez*, 755 F.3d at 333.

Armed with an arrest warrant, officers were entitled to enter Terrazas's home and search anywhere in the home that Terrazas might be found. *See Maryland v. Buie*, 494 U.S. 325, 332-33 (1990). The fact that the means of the entry may have been illegal does not necessarily require the exclusion of evidence. *See United States v. Hernandez*, 670 F.3d 616, 620 (5th Cir. 2012). Instead, courts considering whether to apply the exclusionary rule should consider "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Hernandez*, 670 F.3d at 620 (internal quotation marks and citation omitted).

Police made entry into Terrazas's bedroom through an exterior door at the rear of Terrazas's house. Terrazas was arrested almost immediately when officers entered his home, but there were other, unsecured people in his house. The officer who set up the arrest operation knew that Terrazas

had a violent criminal history, that he had a gang affiliation, and that he was suspected of possessing firearms and body armor. Given these facts, the district court did not clearly err in finding that the officer was justified in conducting a protective sweep of, at a bare minimum, Terrazas's bedroom. *See United States v. Watson*, 273 F.3d 599, 603 (5th Cir. 2001). That same protective sweep would have been justified even if police had knocked and Terrazas had surrendered outside the exterior door of his bedroom. *Id.* We therefore uphold the denial of Terrazas's suppression motion. *See Massi*, 761 F.3d at 520.

For the first time on appeal, Terrazas argues that 18 U.S.C. § 922(g)(1) is unconstitutional because it violates the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The *Bruen* argument is unpreserved and is therefore reviewed only for plain error. To demonstrate plain error, Terrazas must show that (1) there is an error, (2) the error is clear or obvious, rather than subject to reasonable dispute, and (3) the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted). We recently rejected a plain-error *Bruen* challenge to § 922(g)(1). *See United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023), *petition for cert. filed* (U.S. Feb. 13, 2024) (No. 23-6769). Terrazas's challenge is likewise unavailing. *See id.* at 572-74.

AFFIRMED.